# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

SARA M. LAMBERT SMITH
and SCOTT SMITH, her husband,

Plaintiffs,

v.

Civil Action No. 5:14-cv-30075
Honorable _____, Judge

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT

1. Plaintiffs, Sara M. Lambert Smith and Scott Smith, her husband, are citizens of the State of West Virginia with permanent residency in Herndon, Wyoming County, West Virginia.

2. The Defendant the United States of America, through the U.S. Department of Health and Human Services, at all times alleged herein is the federal governing body responsible for controlling, supervising and managing the business affairs of its public health care provider, Community Health Systems, Inc. d/b/a Access Health Associates in OB/GYN. Included within the duties and responsibilities of the U.S. Department of Health and Human Services is the oversight and supervision of its employee/agent physicians, employees/agent nurse midwife and other health care providers at Community Health Systems, Inc. d/b/a Access Health Associates in OB/GYN, specifically including, but not limited to Dr. Roy Wolfe. (hereinafter referred to as "Access Health").

3. The Federal Tort Claims Act, 28 U.S.C.S. § 1346(b) and §§ 2671-2680

provides that any action for medical malpractice against Public Health Service employees may be filed against the United States of America once all administrative remedies have been exhausted.

4. On June 12, 2014, the Plaintiffs Sara M. Lambert Smith and Scott Smith submitted their Claim for Damage, Injury or Death to the U.S. Department of Health and Human Services, which is attached hereto as Exhibit 1.

5. On or about October 21, 2014, Plaintiffs received a letter from the Department of Health and Human Services denying their claim, which is attached as Exhibit 2.

6. Plaintiffs have complied with the filing requirements set forth in West Virginia Code §55-7B-6.

7. On December 18, 2013, Sara M. Lambert Smith, then 24 years old, underwent a primary low segment transverse cesarean section performed by Dr. Michael Webb, an employee of Access Health. In his operative report, Dr. Webb indicated that the placenta "seemed abnormally adherent."

8. On December 25, 2013, Sara M. Lambert Smith presented to the Emergency Room at Raleigh General Hospital with complaints of a sudden onset of heavy vaginal bleeding and syncope. An ultrasound obtained in the ER was suggestive of possible retained products of conception.

9. Sara M. Lambert Smith was then taken to the Operating Room and underwent a dilation and curretage (D&C) performed by Dr. Roy Wolfe, an employee/agent of Access Health. The D&C was unsuccessful in stopping the bleeding. Dr. Wolfe then proceeded directly to a hysterectomy.

2

10. Dr. Wolfe and Access Health failed to properly manage Sara M. Lambert Smith's condition when she presented on December 25, 2013.

11. Dr. Wolfe and employees or agents of Access Health performed a hysterectomy, without considering alternative procedures for Sara M. Lambert Smith, a 24 year old female who desired further children.

12. As a result of the failure by Dr. Roy Wolfe and other agents or employees of Access Health to properly manage Sara Lambert Smith's condition and to consider and/or attempt alternative procedures prior to a hysterectomy, Sara M. Lambert Smith suffered a permanent injury and is no longer able to conceive and bear other children, as well as other permanent consequences.

13. Access Health's agents or employees, including Dr. Roy Wolfe, were negligent and practiced below the applicable standards of care in the medical treatment and care provided to Sara M. Lambert Smith as aforesaid and are guilty of medical malpractice and negligence in their care, and lack of care and treatment of Sara M. Lambert Smith. The treatment and/or lack of treatment provided by Dr. Roy Wolfe and other agents or employees of Access Health, as outlined herein, was negligent and below the standard of care that an ordinary prudent physician or other health care provider would have exercised under like or similar circumstances. The treatment and/or lack of treatment, provided by employees or agents of Access Health, as outlined herein, resulted in Sara M. Lambert Smith's permanent injuries, and also resulted in the loss of a chance of her uterus being spared and the ability to have further children.

14. The United States of America is liable for the negligence of its respective public health service employees who were the employees or agents of Access Health referenced herein.

15. As a direct and proximate result of the negligence, carelessness, recklessness, incompetent management, willful lack of care, and deviation from the normal standard of medical care of the agents or employees of Access Health as stated herein, and others, Plaintiff Sara M. Lambert Smith has suffered and will continue to suffer a significant and life altering permanent bodily injury, including, but not limited to the loss of her uterus and the ability to bear children; has incurred medical expenses in the past, and may do so in the future; has endured significant pain and suffering, has endured mental anguish, both in the past and will do so in the future; has sustained an impairment of her ability to enjoy life, and will continue to do so in the future; and has suffered aggravation, annoyance, and inconvenience, and will do so in the future and therefore, seeks all damages allowed by law.

16. As a further direct and proximate result of the negligent acts of the agents or employees of Access Health as stated herein, and others, Plaintiff Scott Smith has been deprived of the consortium, society and comfort of his wife, Sara M. Lambert Smith, including, but not limited to their inability to have additional children, and has also suffered and will continue to suffer mental anguish, which would not have occurred, but for the aforesaid injuries.

PLAINTIFFS DEMAND A TRIAL BY JURY.

SARA M. LAMBERT SMITH and
SCOTT SMITH, her husband,

By Counsel

4

/Robert V. Berthold, Jr.
Robert V. Berthold, Jr. (WVSB #326)
Holly G. DiCocco (WVSB #8571)
BERTHOLD LAW FIRM PLLC
Post Office Box 3508
Charleston, WV 25335
(304) 345-5700 – Telephone
(304) 345-5703 – Facsimile

Arden Curry, II (WVSB #908)
PAULEY CURRY, PLLC
100 Kanawha Boulevard West
Charleston, West Virginia 25302-2300
(304) 342-6000 - Telephone
(304) 342-6007 - Facsimile
*Counsel for Plaintiffs*

**BERTHOLD
LAW FIRM** PLLC

208 Capitol Street
PO Box 3508
Charleston, WV 25335
p (304) 345-5700
f (304) 345-5703

Robert V. Berthold, Jr.
Holly C. DiCocco*
Robert V. Berthold, III
Matthew C. Berthold

bertholdlaw.com

June 12, 2014

*Via Certified Mail No. 7008 2810 0000 2371 4735*
Claims Office OGC/GLC/CELB
United States Department of Health & Human Services
330 C Street, SW
Switzer Building, Suite 2600
Washington, DC 20201

## NOTICE OF CLAIM

Re: *Sara M. Lambert Smith and Scott Smith, her husband*
Date of Loss: December 25, 2013
Government Entities: Dr. Roy Wolfe and Access Health OB/GYN
Beckley, West Virginia

Dear Claims Office:

Enclosed herewith is a copy of the Claim for Damage, Injury or Death that I submit for filing on behalf of my clients, Sara M. Lambert Smith and Scott Smith, her husband. I, along with Arden J. Curry, II, am counsel for the claimants. If you or the Department of Health and Human Services need any additional information, please contact me at the above address and phone number.

I trust that by filing this claim with you the Department of Health and Human Services and United States of America is formally on notice of our claim. I am also enclosing our Notice of Claim and Certificate or Merit, as required under West Virginia law.

Best regards.

Very truly yours,

Robert V. Berthold, Jr.

RVB/meb
cc: Stephen Horn, Esquire, United States Attorney's Office, SDWV
Arden J. Curry, II, Esquire
Sara M. Lambert Smith & Scott Smith
Enclosure

*Licensed to practice in WV and KY

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency: Department of Health & Human Services | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, Street, City, State and Zip Code) Sara Lambert Smith & Scott Smith, her husband c/o Robert V. Berthold, Jr. Berthold Law Firm, PLLC 208 Capitol Street, 2nd Floor, Charleston, WV 25301 | |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 02/06/1989 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 12/25/2013 | 7. TIME (A.M. OR P.M.) a.m. and p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Sara Lambert was admitted to Raleigh General Hospital in Beckley, West Virginia on December 25, 2013 with regard to significant bleeding and complications that she developed after the delivery of her child at the same hospital on December 18, 2013. The gynecologist who handled the surgical hysterectomy on December 25, 2013 was Dr. Roy Wolfe, who was assisted by Dr. Normal Siegel, who were employees of Access Health OB/GYN in Beckley, West Virginia. The claimant contends that Dr. Wolfe and agents and employees of Access Health OB/GYN care of Sara Lambert Smith was below the applicable standard of medical care. As a result of the deviation from the normal standard of medical care, Sara suffered a surgical hysterectomy without attempts at alternative procedures. This hysterectomy permanently prevents Sara Lambert Smith from delivering other children, and also includes damage to internal organs, weakening of the pelvic floor and a loss of feeling from some of the pelvic nerves, possible urinary incontinence and bowel problems, and loss of sensation.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Sara Lambert Smith has sustained a permanent injury as a result of the surgical hysterectomy as aforesaid, which prevents her from bearing children in the future, as well as all other adverse events from said hysterectomy as outlined in Section 8 above, and all other damages as allowed by law.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Sara Lambert Smith & Scott Smith | HC 69, Box 168-A, Herndon, WV 24726 |
| Employees of Raleigh General Hospital | 1710 Harper Road, Beckley, WV 25801 |
| Dr. Roy Wolfe | c/o Access Health OB/GYN, 410 Carriage Drive, Beckley, WV 25801 |
| Access Health OB/GYN | 410 Carriage Drive, Beckley, WV 25801 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE None | 12b. PERSONAL INJURY $2,000,000.00 | 12c. WRONGFUL DEATH None | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form 304-345-5700 | 14. DATE OF SIGNATURE 06/12/2014 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both (See 18 U.S.C. 287, 1001.) |

95-109     NSN 7540-00-634-4046     STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number | | ☒ No |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No | | 17. If deductible, state amount.  None |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)  None | | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). | | ☒ No |

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95 BACK



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division

330 C Street, SW
Switzer Building, Suite 2600
Washington, DC 20201

OCT 21 2014

Robert V. Berthold, Jr., Esquire
Berthold Law Firm
208 Capitol Street
P.O. Box 3508
Charleston, West Virginia 25335

      Re:    Administrative Tort Claim of Sara Lambert Smith and Scott Smith
               Claim No. 2014-0460

Dear Mr. Berthold:

On June 17, 2014, you presented the above-referenced administrative claim, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, on behalf of your clients, Sara Lambert Smith and Scott Smith, alleging, *inter alia*, that, on December 25, 2013, Dr. Roy Wolfe, Dr. Normal Siegel, and Community Health Systems, Inc., d/b/a Access Health Associates in OB/GYN, located in Beckley, West Virginia, performed a hysterectomy without attempting alternative procedures, which caused Sara Lambert Smith to suffer the inability to bear children and personal injury.

The Federal Tort Claims Act ("FTCA") authorizes the settlement of any claim of money damages against the United States for, *inter alia*, damage caused by the negligent, wrongful act or omission of any employee of the Federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination on this administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim is denied. The evidence fails to establish that the alleged injuries were caused by the negligent, or wrongful, act or omission of a federal employee acting within the scope of employment.

If your clients are dissatisfied with this determination, they are entitled to:

    1.    file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Page 2 - Robert V. Berthold, Jr., Esquire

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your clients request reconsideration, the agency will review the claim within six months from the date the request is received. If the reconsidered claim is denied, your clients may file suit within six months from the date of mailing of the final determination of this claim.

Sincerely yours,

*William A. Biglow /ta*

William Biglow
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
SARA M. LAMBERT SMITH
and SCOTT SMITH, her husband,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BERTHOLD LAW FIRM, PLLC, 208 Capitol St., P.O. Box 3508, Charleston, WV 25335 and PAULEY CURRY, PLLC, 100 Kanawha Blvd., W, Charleston, WV 25302

### DEFENDANTS
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty Other: | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.S. § 1346(b) and §§ 2671-2680
Brief description of cause:
Medical Malpractice

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. 
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 12/15/2014
SIGNATURE OF ATTORNEY OF RECORD
/Robert V. Berthold, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE