```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**WEST VIRGINIA BOARD OF
RISK AND INSURANCE MANAGEMENT,**

   Petitioner,

v.           Civil Action No. 2:18-cv-368

**UNITED STATES OF AMERICA,**

   Respondent.


## MEMORANDUM OPINION AND ORDER

   Pending is the petition for a writ of mandamus, filed on February 28, 2018 by the West Virginia Board of Risk and Insurance Management (the "Board").

### I. Background

   The Board administers the West Virginia Patient Injury Compensation Fund (the "Fund"), which was enacted to provide "fair and reasonable compensation to claimants in medical malpractice actions for any portion of economic damages awarded that is uncollectible as a result of limitations on economic damage awards for trauma care [such as the $500,000 cap established in West Virginia Code § 55-7B-9c(a)], or as a result of the operation of the joint and several liability principles and standards."  W. Va. Code § 29-12D-1(a).  One of the ways in

which the Fund receives money is by being granted "an assessment of one percent of the gross amount of any settlement or judgment in" claims filed under the Medical Professional Liability Act from July 1, 2016 through December 31, 2021.  Id. § 29-12D-1a(c).[1]

On December 16, 2014, Sara M. Lambert Smith and Scott Smith filed a medical malpractice claim against the United States in the United States District Court for the Southern District of West Virginia, Smith v. United States, No. 5:14-cv-30075, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.  Compl., ECF No. 1-1, at ¶¶ 1-3.  The plaintiffs alleged that malpractice occurred at Raleigh General Hospital and that the United States was liable for the negligence of its public health service employees.  Id. ¶¶ 8, 14.  On November 15, 2016, the court ordered that "judgment be entered in favor of the Plaintiffs in the amount of $672,681.67

---

[1] While the United States asserts that it "understands the one percent levy is in addition to the judgment or settlement amount it owes any of the claimants in the underlying tort actions," ECF No. 8 n.4, it seems clear enough from the entirety of the statute that the one percent is not exacted in addition to the judgment or settlement but is paid out of the recovery.  See, e.g., W. Va. Code § 29-12D-1a(c)(3) ("If a qualifying claim is settled prior to the filing of an action, the claimant, or his or her counsel, shall remit the payment to the Board of Risk and Insurance Management within 60 days of the date of the settlement agreement to be paid into the fund," in which case the claimant would effectively be making the payment out of the recovery.)

. . . ." Judgment Order, ECF No. 1-2. The United States says that it has paid the entire amount of the judgment to the underlying plaintiffs without withholding any of it. ECF No. 8, at 8 n.4

The Board avers that the United States owes a one-percent assessment of that judgment pursuant to West Virginia Code § 29-12D-1a(c) and "seeks to compel the United States of America to remit a one-percent assessment of the final judgment entered . . . in Smith."[2] ECF No. 1, at 1. Because the United States has refused to remit the one-percent assessment on the judgment, the Board petitioned the court for a writ of mandamus. It appears, and the United States does not contest, that the type of medical malpractice claim made in the underlying case is a qualifying claim under § 29-12D-1a(c).

The United States has responded in opposition to the Board's petition, contending that there is no basis for the court's jurisdiction over them in this matter. In the alternative, the United States argues that even if the court has jurisdiction, the Board's demand for contribution by the United States to the Fund puts an unauthorized tax or penalty on the

---

[2] The Board adds that the United States owes a like assessment in several other cases. See ECF No. 2, at 3, 3 n.7

3

United States.  The petitioner has filed a reply to the United States' response.

II.  Standard of Review

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

The Court of Appeals for the Fourth Circuit has stated:

> The propriety of entertaining a petition for writ of mandamus in the federal system is, of course, well defined. It may be invoked only where three elements co-exist: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available.

**In re First Fed. Sav. & Loan Ass'n of Durham**, 860 F.2d 135, 138 (4th Cir. 1988) (citations omitted).  "Mandamus against a public official will not lie unless the alleged duty to act involves a

mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." Id. (citations omitted).

### III. Jurisdiction

"[A]ny waiver of the National Government's sovereign immunity must be unequivocal," U.S. Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992), and "must be strictly construed in favor of the United States, and not enlarged beyond what the language of the statute requires," United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res., 508 U.S. 1, 7 (1993) (internal quotations and citations omitted).

The petitioner asserts in its reply that this court "has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and under ancillary jurisdiction principles."[3] ECF No. 10, at 1.

The Federal Tort Claims Act ("FTCA") states in relevant part:

> (b)(1) . . . the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing

---

[3] "It is well settled that . . . [28 U.S.C. § 1361] does not by itself waive sovereign immunity." Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996). "[T]he All Writs Act [(28 U.S.C. § 1651)] does not confer jurisdiction on the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 29 (2002).

> on and after January 1, 1945, for injury or loss of
> property, or personal injury or death caused by the
> negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his
> office or employment, under circumstances where the
> United States, if a private person, would be liable to
> the claimant in accordance with the law of the place
> where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  The United States Code also provides:

> The United States shall be liable, respecting the
> provisions of this title relating to tort claims, in
> the same manner and to the same extent as a private
> individual under like circumstances, but shall not be
> liable for interest prior to judgment or for punitive
> damages.

28 U.S.C. § 2674.

"A plaintiff has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances.  State law determines whether there is an underlying cause of action[.]"  Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991) (internal citations omitted).

The petitioner contends that inasmuch as the FTCA "puts the United States on the same legal footing as a private individual," and "the law of the place where the act or omission occurred governs actions brought under the [FTCA]," the United States was obligated to contribute to the Fund when judgment was rendered against it in the underlying medical malpractice case.  ECF No. 2, at 6-7.

Petitioner is correct that the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). However, while judgment against a private individual in a medical malpractice case would require a contribution to the Fund pursuant to West Virginia Code § 29-12D-1a(c), the FTCA does not prescribe that the United States is obligated to make the same contribution.

The FTCA expressly states that the United States may be sued as if it were a private individual "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government." Here, petitioner does not seek damages from the United States arising from such harm done to its property or person. Rather, the Board seeks to exact a one percent assessment through or from the United States to compensate unknown others who have no claim against the United States. Inasmuch as petitioner is unable to bring itself within the FTCA, the court is without jurisdiction to issue the writ.

The petitioner's assertion that the court has ancillary jurisdiction over this matter inasmuch as the court

7

had subject matter jurisdiction under the FTCA in the underlying malpractice case is equally unavailing. See ECF No. 10, at 3-4.

The Supreme Court has asserted ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994) (internal citations omitted).

The Board notes that the Supreme Court has approved "the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments – including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." ECF No. 10, at 4 (quoting Peacock v. Thomas, 516 U.S. 349, 356 (1996)). The Board adds that the relief it seeks is factually interdependent with the judgment entered in the underlying matter and that "to properly effectuate its judgment, this Court can exercise its ancillary enforcement jurisdiction and require the United States to pay the assessment." Id. at 5.

The relief sought here has nothing to do with the protection and enforcement or the effectuation of the federal judgment of $672,681.67.  The principles of ancillary jurisdiction are of no aid to the petitioner.  Simply stated, there is no basis for the court's jurisdiction over the United States in this matter.

IV.  Conclusion

Accordingly, it is ORDERED that the Board's petition for a writ of mandamus be, and hereby is, denied.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record.

ENTER: August 23, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge